**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LAURENT SADOU, ) | 2:09-CR-339-KJD-LRL |
| ) | |
| Defendant. ) | |

     Presently before the Court is the Financial Affidavit of Defendant LAURENT SADOU in support of his request for attorney without payment of fee for purposes of "Early Termination of Supervised Release".

     The financial affidavit is confusing. Defendant's response to the question "Are you now employed?" is "no". The "self-employed" box is not checked. However, on the next line, Defendant asserts he is self-employed. Under assets, Defendant states that he has $12,000 cash on hand or money in savings or checking accounts. Under obligations and debts, Defendant claims food expense of $600.00 per month.

     The Presentence Investigation Report ("PSR") dated March 9, 2010, shows Defendant has assets of $66,600 with liabilities of $5,000, resulting in a net worth of $61,600. (PSR, Paragraph 53). Also, according to the PSR, Defendant describes his usual occupation as that of a business owner, stating that he sold a business for $300,000 and is expecting to receive payment in early 2011 (PSR, Paragraph 48). Defendant has traveled extensively and has considerable business and employment experience (PSR Paragraphs 34 and 48-50). As of this date, Defendant has completed exactly one year of his two year term of supervised release.

     Requests for termination of supervised release are usually brought pro se through an

informal application. Defendant is perfectly capable of making the request on his own without appointment of counsel. That said, in the absence of a written motion, the Court does not reach the question of whether Defendant is entitled to Court appointed counsel. Here, there is only a financial affidavit, unaccompanied by points and authorities. However, based upon the financial affidavit the ambiguities therein, and the information provided in the Presentence Investigation Report, it does not appear Defendant would qualify for appointment of counsel at public expense in any event.

Accordingly, the oral request of the Office of Federal Public Defender for the District of Nevada to be appointed counsel for early termination of Defendant's supervised release is **DENIED.**

DATED: April 29, 2011

_____
UNITED STATES DISTRICT JUDGE